UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WILLIAM O. SCALLION | CIVIL ACTION NO. 06-0147-P |
| versus | JUDGE WALTER |
| RED RIVER PARISH, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

William Scallion ("Plaintiff") filed this Section 1983 action seeking damages and other relief based on the alleged violation of his Fourth, Fifth and Fourteenth Amendment rights in connection with a traffic stop, search and arrest. The named defendants are Red River Parish and several law enforcement officers. One of the officers, Alvie Myers, has filed a Motion to Dismiss (Doc. 22) on the grounds that the complaint is prescribed. It is recommended, for the reasons that follow, that the motion be denied.

**Relevant Facts**

Plaintiff filed an original complaint and an amendment (Doc. 12) that includes a copy of a transcript from a suppression hearing that was held in state court before Judge Lewis Sams. Such exhibits constitute part of the complaint "for all purposes," including consideration of a Rule 12(b)(6) motion. Fed. R. Civ. P. 10(c); U. S. ex rel. Riley v. St. Luke's Episcopal Hospital, 355 F.3d 370, 375 (5th Cir. 2004). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be

taken as true for purposes of this Rule 12(b)(6) challenge.  Lowrey v. Texas A&M Univ. System, 117 F.3d 242, 247 (5th Cir. 1997).

The complaint and exhibits reflect that Red River Parish law enforcement officers stopped a car in which Plaintiff was a passenger.  The officers claimed to have obtained from Plaintiff oral and written consent to search the car, and they found drugs inside the car.  Plaintiff was arrested on the day of the search, July 30, 2004, and he stayed in custody for three days before he was released on bond pending trial.  Plaintiff's attorney filed a motion in state court that attacked the legality of the stop, search and related arrest.  The evidence at the hearing showed that Red River Parish authorities received a tip from a Natchitoches officer that Plaintiff and a female companion would be delivering drugs into Red River Parish on a certain day.  The Natchitoches officer testified that he received his information from an informant who had been reliable in the past.  Judge Sams took the matter under advisement.

Plaintiff has not submitted a copy of Judge Sams' ruling, but Plaintiff does allege in his complaint that Judge Sams ruled after the hearing that the evidence discovered during the search had to be suppressed.  Plaintiff has also submitted a copy of court minutes stating that, at the request of the prosecutor, the court ordered *nol prossed* the following charges against Petitioner and his co-defendant: possession of methamphetamine with intent to distribute, possession of hydrocodone, and possession of Alprazolam.  The date of that event was April 12, 2005.

**Analysis**

The parties agree that this action is governed by the one-year prescriptive period of La. Civ. Code art. 3492. See Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989). Plaintiff filed this civil action on January 27, 2006, which is less than one year after the criminal charges were resolved in his favor on April 12, 2005, but more than one year after the actual stop, search and arrest on July 30, 2004. Thus, the timeliness of the complaint turns on whether Plaintiff's claims accrued at (1) the time of the search and arrest or (2) when the related criminal charges were dismissed.

Plaintiff argues that, under the doctrine of Heck v. Humphrey, 114 S.Ct. 2364 (1994), his Section 1983 claim did not accrue and could not be properly brought until the state criminal proceedings were resolved in his favor. Heck held that a court must dismiss a complaint brought pursuant to Section 1983 when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence. The plaintiff in such a situation must, before he can properly bring his Section 1983 action, first demonstrate that his conviction or sentence has been reversed, expunged, declared invalid by state authorities, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck also applies pre-conviction to bar damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge. Hamilton v. Dallas Police Dept., 2005 WL 241192 (N. D. Tex. 2005) ("All circuits that have addressed this issue have concluded that Heck applies to pre-conviction as well as post-

conviction cases."). The Fifth Circuit suggested in Mackey v. Dickson, 47 F.3d 744 (5th Cir. 1995) that the court must first insure that the record clearly reflects that a successful attack on an arrest or Fourth Amendment violation would implicate the validity of confinement on the pending charges. A mere allegation of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution that follows that arrest, so the *context* of the Fourth Amendment violation and the pending charges must be examined to see if Heck applies. If the record is clear that a plaintiff's victory in the civil rights claim would necessarily implicate the validity of his potential conviction, the Section 1983 claim should be dismissed until such time as the Heck conditions are met. Samuels v. Deville, 2005 WL 2106159 (W. D. La. 2005) (Hayes, M.J.) (exploring in detail the application of Heck to pre-conviction scenarios and surveying recent Louisiana decisions).

The record in this case is clear that if the traffic stop and the search of the car (that revealed the drugs that were essential to the criminal charges) were held unconstitutional in a Section 1983 action, that holding would necessarily invalidate the state-court drug possession charges. Without evidence of the drugs (that would have to be suppressed if the challenged events were declared unconstitutional), the state prosecutor would have no basis to obtain a conviction on the drug charges.

Heck barred Plaintiff from filing the claims he asserts in his complaint until Judge Sams dismissed the criminal charges. Plaintiff's Section 1983 claims did not accrue until that April 12, 2005 event, so his complaint filed on January 27, 2006 withstands the

timeliness attack brought by this motion. Had Plaintiff filed his complaint before Judge Sams dismissed the criminal charges, this court (likely upon the motion of the defendants) would have dismissed the complaint with prejudice to being refiled until such time as the Heck conditions were met. See Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1996)(describing the style of dismissal preferred in Heck cases).[1] That is a common procedure that this court applies frequently and *sua sponte* in prisoner cases of this nature.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 22)** be **denied.**

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

---

[1] Courts have divided on what effect Heck has on the accrual of the limitations period for a false arrest or other Fourth Amendment claim. See, e.g. Wallace v. City of Chicago, 440 F.3d 421 (7th Cir. 2006), *petition for cert*. filed (March 22, 2006). The Wallace decision discussed the views of the various circuits on the issues, although Judge Posner argued in his dissent from denial of *en banc* rehearing that the panel had incorrectly described the views of the circuits. The finer nuances of this debate need not be addressed in this case because the facts fall squarely within the scope of Heck as it has been applied in the Fifth Circuit and permit Plaintiff's complaint to withstand this timeliness challenge.

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 22nd day of May, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE